IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George T. Middleton,                              ) | C/A No. 0:15-2757-BHH-PJG |
|                                                   ) | |
|      Petitioner,         ) | |
|                                                   ) | |
| vs.                                               ) | **REPORT AND RECOMMENDATION** |
|                                                   ) | |
| Warden, Lee Correctional Institution,             ) | |
|                                                   ) | |
|      Respondent.         ) | |
| _____) | |

  Petitioner George T. Middleton, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 10.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Middleton was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 11.) Middleton filed a response in opposition to the respondent's motion. (ECF No. 25.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Middleton's Petition denied.

## BACKGROUND

  Middleton was indicted in September 2008 in Lexington County for distribution of crack cocaine (3rd or subsequent offense) (2008-GS-32-2898). (App. at 502-03, ECF No. 10-3 at 5.) Middleton was represented by Wayne Floyd, Esquire, and on May 28, 2009 was tried by a jury and

found guilty as charged.[1] (App. at 424-25, ECF No. 10-2 at 175-76.) The circuit court sentenced Middleton to twenty-one years' imprisonment and a fine of $50,000. (App. at 436, ECF No. 10-2 at 187.)

Middleton timely appealed and was represented by Benjamin Stitley, Esquire, who filed a brief on Middleton's behalf that raised the following issues:

> I. Did the Trial Court err when it allowed a tainted and potentially partial jury panel be used in the Appellant's trial?
>
> II. Did the Trial Court err when it failed to grant the Appellant's motion for mistrial when the State's witness deliberately stated that the Appellant had a prior "booking photo?"

(ECF No. 10-6.) On July 21, 2011, the South Carolina Court of Appeals affirmed Middleton's conviction and sentence. (State v. Middleton, Op. No. 2011-UP-373 (S.C. Ct. App. July 21, 2011), ECF No. 10-8.) The remittitur was issued on August 11, 2011. (ECF No. 10-9.)

Middleton filed a *pro se* application for post-conviction relief ("PCR") on March 21, 2012 in which he raised the following allegations of ineffective assistance of counsel: (1) counsel failed to bring forth issues on seized items; (2) counsel failed to ask for a continuance to appeal the issue of the tainted jury panel; and (3) counsel failed to explain a plea offer or the consequences of a not guilty plea. (See Middleton v. State of South Carolina, 2012-CP-32-1282; App. at 439-47, ECF No. 10-2 at 190-98.) Middleton filed an amended application in which he additionally alleged that "counsel was inaffective when he failed to object to the states presentation and proffered a statement regarding the use of cameras in his drive way stating that such cameras situated proves he is a drug dealer." (App. at 448-57, ECF No. 10-2 at 199-208) (errors in original). Middleton again amended his application on August 21, 2013. (App. at 458-61, ECF No. 10-2 at 209-12.) The State filed a

---

[1] Middleton's first trial, which began on May 25, 2009, resulted in a mistrial.



return. (App. at 462-65, ECF No. 10-2 at 213-16.) On January 21, 2014, the PCR court held an evidentiary hearing at which Middleton appeared and testified and was represented by Charles Brooks, Esquire. By order filed March 13, 2014 the PCR court denied and dismissed with prejudice Middleton's PCR application. (App. at 493-501, ECF No. 10-2 at 244-521, ECF No. 10-3 at 3.)

On appeal, Middleton was represented by Tiffany Butler, Esquire, with the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari that presented the following issue:

> Whether trial counsel erred in failing to make a motion to exclude and to object to evidence of the video surveillance system located in Petitioner's residence because this evidence invited a verdict on the improper basis that Petitioner was a dangerous drug dealer?

(ECF No. 10-11.) On April 8, 2015, the South Carolina Supreme Court issued an order denying Middleton's petition for a writ of certiorari. (ECF No. 10-13.) The remittitur was issued on April 24, 2015. (ECF No. 10-14.) This action followed.

## FEDERAL HABEAS ISSUES

Middleton's federal Petition for a writ of habeas corpus raises the following issues, quoted verbatim:

> **Ground One:** The state court created a manafest injustice when it proceeded foward with balance of same jury members.
> **Supporting Facts:** The was all white and their was no black to the panel at all and their was a high percentage of blacks in the surrounding community but none ever where placed in the jury pool as to be picked. This was discrimination. Their was no Jury draw from a statisticly correct cross section of that community. This was purposefully orchestrated. The jury had only one section of the cross section of this courts community.
>
> **Ground Two:** The trial court erred in failing to grant motion for mistrial for the jury was prejudiced by actions when he offer testimony about prior booking photos.

(Pet., ECF No. 1) (errors in original).



**DISCUSSION**

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134



S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.     **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911



(4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### D.     Summary Judgment Motion

#### 1.     Ground One

The respondent argues, and Middleton appears to agree, that Ground One is procedurally barred from federal habeas review. In Ground One, Middleton appears to allege that the state court erred and created a "man[i]fest injustice" in proceeding to strike a new jury following a mistrial with the balance of the same jury panel. (Pet., ECF No. 1 at 5.) Specifically, Middleton appears to argue that the trial court erred in allowing a qualified jury panel that did not contain any African-American

Page 7 of 14



jurors based on his assertion that the panel did not represent a cross-section of the community. In responding to the respondent's motion for summary judgment, Middleton concedes that he "did not raise his first ground for relief on either direct or PCR appeal."[2] (Petr.'s Resp. Opp'n Summ. J. at 9, ECF No. 25 at 9.) Thus, Ground One was not properly presented to the state appellate courts, and it is therefore procedurally barred from federal habeas review.[3] See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this ground would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules

---

[2] As noted by the respondent, to the extent that Ground One alleges that the trial court erred in allowing a qualified jury panel that did not contain any African-American jurors, such a claim was not presented to the state appellate courts in either Middleton's direct appeal or PCR appeal. The jury panel issue raised on direct appeal was limited to whether the trial court erred in "proceeding forward with the balance of the jury panel used in the selection of the original jury trial." (Respt.'s Mem. Supp. Summ. J. at 12 n.3, ECF No. 10 at 12 n.3.) In light of Middleton's concession, the court has construed Ground One as challenging solely the racial makeup of the jury panel, which the respondent points out to the extent that Middleton may have raised any issue with regard to the racial makeup of his jury in his second amendment to his PCR application, this issue was not raised at the PCR hearing or ruled on by the PCR court. (Id.)

[3] The court notes that Middleton's direct appeal was not based on Anders review. See Anders v. California, 386 U.S. 738, 744 (1967) (requiring that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited); McHam v. State, 746 S.E.2d 41, 50 (S.C. 2013) ("An appellate court conducting an Anders review searches only for preserved issues of arguable merit.").



if Middleton attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

While the court finds that Ground One is procedurally defaulted, or barred from federal habeas review, such a claim may nonetheless be considered by a federal court if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt").

Middleton's response in opposition to the respondent's motion for summary judgment appears to concede that he cannot establish cause for the default of the first ground. However, Middleton appears to argue that he can establish a fundamental miscarriage of justice by generally asserting that he can show he is actually innocent. Middleton simply argues that "[t]he record clearly support[s] a showing of actual innocence." (Petr.'s Resp. Opp'n Summ. J. at 10, ECF No. 25 at 10.) However, Middleton fails to provide any support for his assertion and offers no argument demonstrating that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29.

PJG

Middleton also appears to argue that he can establish cause for any default based on attorney errors. To the extent that Middleton's response may be construed as arguing he can establish cause for any default of either ground based on attorney errors, the court finds he has failed to satisfy the applicable standard.[4]

To the extent Middleton may be referring to appellate counsel's failure to present Ground One to the state Supreme Court on direct appeal, when an attorney's failure to present an issue on direct appeal is offered as cause for procedural default, it must have been exhausted as an independent claim in state court before it may be used to establish cause for a defaulted claim. See Murray v. Carrier, 477 U.S. 478, 489 (1986); see also Edwards v. Carpenter, 529 U.S. 446, 452 (2000). "[P]rinciples of comity and federalism" require that such an ineffective-assistance claim "be presented to the state courts as an independent claim before it may be used [in a § 2254 proceeding] to establish cause for a procedural default." Edwards, 529 U.S. at 451, 452 (quoting Murray, 477 U.S. at 489). In this case, Middleton has not presented or properly exhausted any claim of ineffective assistance of his direct appeal appellate counsel.

To the extent that Middleton may be referring to PCR counsel, any errors of PCR counsel cannot generally serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez v. Ryan, 132 S. Ct. 1309, 1319 (2012). The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective

---

[4] Although Middleton has included this argument under a heading entitled "Ground Two," it is unclear whether Middleton is limiting his argument to that ground. Therefore, the court addresses it here out of an abundance of caution.



assistance at trial." Id. at 1315. However, Middleton's arguments fail to satisfy the limited qualification established by Martinez because he is not seeking to establish cause to excuse default of an ineffective assistance of counsel claim; rather, he is seeking to establish cause to excuse default of claims alleging errors by the trial court. See Pizzuto v. Ramirez, 783 F.3d 1171, 1177 (9th Cir. 2015) (declining to extend Martinez to include claims of trial error). Therefore, the court finds that Ground One is procedurally barred from federal habeas review.

    2.    **Ground Two**

In Ground Two, Middleton argues that the trial court erred in failing to grant his motion for a mistrial when a testifying officer mentioned Middleton's prior booking photograph. Ground Two was raised in his direct appeal to the South Carolina Court of Appeals; however, Middleton did not seek a petition for rehearing following the denial of his appeal by the state Court of Appeals and did not file a petition for a writ of certiorari with the South Carolina Supreme Court.[5] The respondent argues that Ground Two is also procedurally barred from federal habeas review. However, the respondent has failed to persuade the court that Ground Two is barred in light of the holding in In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454 (S.C. 1990). See id. at 454 (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."); see also State v. McKennedy, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, and holding that "it effectively places discretionary review by [the South Carolina Supreme Court]

---

[5] The court also notes that contrary to Middleton's arguments, this ground was not raised to and ruled on by the PCR court nor presented to the appellate courts in his PCR appeal.

Page 11 of 14



outside of South Carolina's 'ordinary appellate procedure' pursuant to O'Sullivan [v. Boerckel, 526 U.S. 838 (1999)]"). Therefore, the court proceeds to address the merits of Ground Two.

In affirming Middleton's convictions, the South Carolina Court of Appeals found as follows with regard to this ground:

> As to whether the trial court erred in denying Middleton's motion for a mistrial after a witness testified regarding Middleton's prior booking photo: State v. Culbreath, 377 S.C. 326, 331, 659 S.E.2d 268, 271 (Ct. App. 2008) (holding the decision whether to grant or deny a mistrial motion is within the sound discretion of the trial court, and the trial court's decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law); Id. (stating a mistrial should not be granted unless absolutely necessary, and in order to receive a mistrial the defendant must show error and resulting prejudice); State v. Washington, 315 S.C. 108, 110, 432 S.E.2d 448, 449 (1992) (holding a witness' reference to defendant's "booking report" from a previous arrest did not warrant a mistrial, where the reference was elicited by defendant's own counsel and was responsive to counsel's questions).

State v. Middleton, No. 2011-UP-373, 2011 WL 11735018, at *1 (S.C. Ct. App. July 21, 2011); (see also ECF No. 10-8 at 2).

Middleton has failed to offer any argument that the state court's decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2); (see also Respt.'s Mem. Supp. Summ. J. at 18-23, ECF No. 10 at 18-23). Therefore, Middleton is not entitled to federal habeas relief on this ground.

### 3. Evidentiary Hearing

To the extent that Middleton seeks an evidentiary hearing on the grounds in his Petition, the court finds that Middleton has failed to demonstrate that he satisfies any exception to the general rule that the court shall not hold an evidentiary hearing. See 28 U.S.C. § 2254(e)(2) (stating a district court "shall not hold an evidentiary hearing" unless the petitioner shows that (1) his claim relies on



a new rule of constitutional law or on "a factual predicate that could not have been previously discovered through the exercise of due diligence"; and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense").

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 9) be granted and Middleton's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 27, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).