IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George T. Middleton, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 0:15-2757-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

      This matter is before the Court on Petitioner George T. Middleton's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on July 13, 2015. On September 11, 2015, Respondent filed a motion for summary judgment, to which Petitioner filed a response. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

      On June 28, 2016, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. (ECF No. 30.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. No objections were initially filed, and the Court reviewed the matter for clear error and found none. Accordingly, the Court adopted the Magistrate Judge's Report on July 21, 2016. (ECF No. 34.)

      On December 13, 2018, however, the Court received a motion to reopen the case and a motion to appoint a guardian ad litem filed by Petitioner. (ECF Nos. 37 and 38.) After reviewing the motions, the Court entered a text order granting the motion to reopen

the case and taking under advisement Petitioner's motion for the appointment of a guardian ad litem. (ECF No. 39.) On January 15, 2019, the Court entered another text order denying Petitioner's motion to appoint a guardian ad litem, without prejudice, and granting Petitioner sixty days to file objections to the Magistrate Judge's Report. (ECF No. 45.) In lieu of objections, however, the Court received another motion to appoint a guardian ad litem and a supplement from Petitioner. (ECF Nos. 49 and 51.)

Ultimately, the Court appointed an attorney for Petitioner in accordance with 28 U.S.C. § 2254(h) and 18 U.S.C. § 3006A(2)(B) for the sole purpose of assisting Petitioner with filing objections to the Magistrate Judge's Report. (ECF No. 56.) The Court instructed counsel to meet with Petitioner and file objections on or before January 13, 2023. Counsel filed a motion for a brief extension of time, which the Court granted, and Petitioner's objections were filed on January 18, 2023. (ECF Nos. 61, 62, and 65.) Respondent filed a reply to Petitioner's objections, and the matter is ripe for review.

For the reasons set forth herein, the Court overrules Petitioner's objections, affirms the Magistrate Judge's Report, and grants Respondent's motion for summary judgment.

## **BACKGROUND**

Petitioner was indicted in September of 2008 in Lexington County for distribution of crack cocaine (3rd or subsequent offense) and was tried by a jury and convicted in May of 2009. Petitioner was sentenced to 21 years' imprisonment and was fined $50,000.00. At trial, Petitioner was represented by Wayne Floyd, Esq.

Petitioner appealed his conviction and sentence and was represented by Benjamin Stitley, Esq., who filed a brief on Petitioner's behalf raising the following issues:

    I.    Did the Trial Court err when it allowed a tainted and potentially partial

2

>   jury panel be used in the Appellant's trial?
>
> II.   Did the Trial Court err when it failed to grant the Appellant's motion for mistrial when the State's witness deliberately stated that the Appellant had a prior "booking photo?"

(ECF No. 10-6 at 2.)  The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence on July 21, 2011.  *State v. Middleton*, No. 2011-UP-373 (S.C. Ct. App. July 21, 2011).  (ECF No. 10-8.)  The remittitur was issued on August 11, 2011 (ECF No. 10-9.)

On March 21, 2012, Petitioner filed a pro se application for post-conviction relief ("PCR"), raising the following allegations of ineffective assistance of counsel: (1) counsel failed to bring forth issues on seized items; (2) counsel failed to ask for a continuance to appeal the issue of the tainted jury panel; and (3) counsel failed to explain a plea offer or the consequences of a not guilty plea.  *Middleton v. South Carolina*, 2012-CP-32-1282; App. at 439-47.  (ECF No. 10-2 at 190-98.)  Petitioner thereafter filed an amended application in which he additionally alleged that "counsel was ineffective when he failed to object to the state[']s presentation and proferred a statement regarding the use of cameras in his drive way stating that such cameras situated [sic] proves he is a drug dealer."  (ECF No. 10-2 at 199-208.)  Petitioner again amended his application on August 21, 2013.  (ECF No. 10-2 at 209-12.)  The PCR court held an evidentiary hearing on January 21, 2014, at which Middleton appeared and testified and was represented by Charles Brooks, Esq.  In an order filed on March 13, 2014, the PCR court denied and dismissed with prejudice Petitioner's PCR application.  (ECF No. 10-3 at 3.)

On appeal of the denial of his PCR application, Petitioner was represented by Tiffany Butler, Esq., with the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari presenting the following issue: "Whether trial counsel erred in failing

to make a motion to exclude and to object to the evidence of the video surveillance system located in Petitioner's residence because this evidence invited a verdict on the improper basis that Petitioner was a dangerous drug dealer?" (ECF No. 10-11 at 3.) On April 8, 2015, the South Carolina Supreme Court entered an order denying the petition for writ of certiorari. (ECF No. 10-13.) The remittitur was issued on April 24, 2015. (ECF No. 10-14.)

On July 13, 2015, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following issues, taken verbatim from his petition:

> **GROUND ONE:** The state court created a manafest injustice when it proceeded forward with balance of same jury members.
> (a) Supporting facts [ ]:
> The was all white and their was no black to the panel at all and their was a high percentage of blacks in the surrounding community but none ever where placed in the jury pool as to be picked. This was discrimination. Their was no jury draw from a statistically correct cross section of that community. This was purposefully orchestrated. The jury had only one section of the cross section of this courts community.
>
> **GROUND TWO:** The trial court erred in failing to grant motion for mistrial for the jury was prejudiced by actions when he offer testimony about prior booking photos.

(ECF No. 1 at 5, 7 (errors in original).)

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

## I.     Habeas Corpus Relief

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  *Id.* at 404-05.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Id.* at 405-06.  A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case.  *Id.* at 407-08.  Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.    Exhaustion and Procedural Bar

Before a Petitioner can obtain relief under § 2254, he must first clear a series of procedural hurdles.  For example, a state prisoner must exhaust his state court remedies by "present[ing] his claim to the state's highest court" before a federal court can grant relief

on the merits of a claim.[1]  *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  Thus, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition."  *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (en banc); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

In other words, to exhaust a federal habeas corpus claim, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim."  *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (citation and internal quotation marks omitted).  This means that a petition must present the claim to the state court "face-up and squarely."  *Id.*  Otherwise, the state will be deprived of its "opportunity to correct the constitutional violation in the first instance." *Id.* (internal quotation marks omitted).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default–often referred to as a procedural bar–one example of which occurs 'when a habeas petitioner fails to exhaust available state remedies and the court to which [he] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  *Mahdi*, 20 F.4th at 892 (quoting *Breard*, 134 F.3d at 619) (internal quotation marks omitted).  Another way procedural default occurs

---

[1] The exhaustion requirement exists to promote comity within our federal system.  As the Supreme Court has explained:

> Because "it would be unseemly in our dual system of government for a federal district court to upstate  a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant on the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 399 U.S. 200, 204 (1950)).

is when "a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal." *Breard*, 134 F.3d at 619.

Nevertheless, because the requirement of exhaustion is not jurisdictional, in very limited circumstances a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction. *Granberry v. Greer,* 481 U.S. 129, 131 (1989). Specifically, a federal court may review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim would result in a miscarriage of justice because the petitioner is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray*, 477 U.S. at 488). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he also must show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm.

As an alternative to demonstrating cause for failure to raise a claim, a petitioner may

8

show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show that he is actually innocent. *See Murray*, 477 U.S. at 496 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### III.     Petitioner's Claims and the Court's Review

In her Report, the Magistrate Judge first considered ground one–Petitioner's claim related to the racial makeup of the jury–and agreed with Respondent that this ground is procedurally barred from federal habeas review. Indeed, the Magistrate Judge noted that Petitioner himself appeared to agree that the ground is procedurally barred based on his concession that he "did not raise his first ground for relief on either direct or PCR appeal." (ECF No. 25 at 9.) In addition to finding that this ground was not properly presented to the state appellate courts, the Magistrate Judge also explained that this ground would be procedurally defaulted under independent and adequate state procedural rules if Petitioner attempted to raise it now.

Next, with respect to Petitioner's argument that he could establish cause for any default based on his attorney's errors, the Magistrate Judge explained that, to the extent Petitioner may be referring to appellate counsel's failure to present ground one on direct appeal, "when an attorney's failure to present an issue on direct appeal is offered as cause for procedural default, it must have been exhausted as an independent claim in state court before it may be used to establish cause for an exhausted claim." (ECF No. 30 at 10.) Because Petitioner did not properly exhaust any claim of ineffective assistance of direct

9

appeal counsel, however, the Magistrate Judge found that Petitioner cannot demonstrate cause in this regard. Likewise, the Magistrate Judge explained that, to the extent Petitioner may be referring to PCR counsel, any errors of PCR counsel cannot generally serve as a basis to excuse a petitioner's procedural default of his claims.

Nevertheless, the Magistrate Judge examined Petitioner's arguments in light of *Martinez v. Ryan*, 132 S.Ct. 1309, 1319 (2012), where the Supreme Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Ultimately, however, the Magistrate Judge found that Petitioner failed to satisfy the limited qualification established by *Martinez* because he is not seeking to excuse the procedural default of an ineffective assistance of counsel claim. Rather, he is seeking to establish cause to excuse default of claims alleging errors by the trial court. Accordingly, the Magistrate Judge found that ground one is procedurally barred from federal habeas review.

As to ground two–Petitioner's claim that the trial court erred when it failed to grant a mistrial after a testifying officer mentioned Petitioner's prior booking photograph–the Magistrate Judge noted that although this issue was raised on direct appeal to the South Carolina Court of Appeals, Petitioner did not seek a petition for rehearing following the denial of his appeal by the Court of Appeals and did not file a petition for a writ of certiorari with the South Carolina Supreme Court. The Magistrate Judge also noted that this ground was not raised to and ruled on by the PCR court, nor was it presented in his PCR appeal. Nevertheless, the Magistrate Judge disagreed with Respondent that the ground was procedurally barred in light of *In re Exhaustion of State Remedies in Criminal and Post-*

*Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court and relief has been denied, then the litigant shall be deemed to have exhausted all available state remedies").

Thus, the Magistrate Judge considered the merits of ground two, noting that the South Carolina Court of Appeals found as follows with respect to this ground:

> As to whether the trial court erred in denying Middleton's motion for a mistrial after a witness testified regarding Middleton's prior booking photo: *State v. Culbreath*, 377 S.C. 326, 331, 659 S.E.2d 268, 271 (Ct. App. 2008) (holding the decision whether to grant or deny a mistrial motion is within the sound discretion of the trial court, and the trial court's decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law); *Id.* (stating a mistrial should not be granted unless absolutely necessary, and in order to receive a mistrial the defendant must show error and resulting prejudice); *State v. Washington*, 315 S.C. 108, 110, 432 S.E.2d 448, 449 (1992) (holding a witness' reference to defendant's "booking report" from a previous arrest did not warrant a mistrial, where the reference was elicited by defendant's own counsel and was responsive to counsel's questions).

*State v. Middleton*, No. 2011-UP-373, 2011 WL 11735018, *1 (S.C. Ct. App. July 21, 2011). (ECF No. 10-8 at 2.)

Ultimately, the Magistrate Judge found that Petitioner failed to offer any argument to demonstrate that the state's decision was somehow "contrary to or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Accordingly, the Magistrate Judge found that Petitioner was not entitled to relief on ground two.

Lastly, the Magistrate Judge also found that Petitioner failed to demonstrate the standard for an evidentiary hearing in this matter.

11

In his objections to the Report, ultimately filed with the assistance of court-appointed counsel, Petitioner first asserts that the Magistrate Judge failed to liberally review the pro se petition. Next, Petitioner asserts that his "competency to adequately assist his counsel at trial and sentencing is glaringly obvious f[ro]m the record" based on Petitioner's serious health issues. (ECF No. 62 at 3.) Specifically, counsel for Petitioner writes:

> No one has raised this obvious issue. The record reveals he was having seizures/spasms at the state trial level. There is no indication that the state trial court or counsel raised the issue of competency due to his severely limited physical condition. It is obvious that his physical condition was relevant to his mental capacity.

(ECF No. 62 at 3.) Counsel further objects that Petitioner should have been ordered to undergo a competency evaluation and contends that Petitioner's trial counsel was ineffective for ignoring Petitioner's condition.

Next in his objections, Petitioner asserts that the Magistrate Judge may have misunderstood the standard of review, asserting that "[t]he Magistrate Judge's discussion suggests that the court believes the *Richter* standard can and should be applied in all cases in which Section 2254(d) applies, rather than in the very limited circumstances (which are not present here) in which the state court issues an unreasoned decision on the merits." (*Id.* at 4 (citing *Wilson v. Sellers*, 584 U.S. – (2018).) Additionally, Petitioner objects to the Magistrate Judge's denial of Petitioner's request for an evidentiary hearing.

Lastly, Petitioner lists a number of specific objections to the Magistrate Judge's findings regarding the following:

> (1) Trial counsel failed to properly argue and raise issues concerning the seized items.
> (2) Trial counsel failed to ask for a continuance, mistrial, or properly object to the all white jury panel.
> (3) Trial counsel failed to properly and fully explain the state's plea offer of 5

> years to the petitioner.
> (4) Trial counsel failed to properly and vigorously challenge the prosecution's reference to video cameras and how they demonstrated the defendant was a drug dealer.
> (5) Booking photos were improperly reference during the trial.
> (6) The all white jury panel was in violation of the United States Constitution.

(ECF No. 62 at 5-6.) Counsel objects that Petitioner did not have the assistance of counsel when he drafted his petition and asserts that Petitioner would have had greater ability to develop the aforementioned issues if the Court liberally construed his petition and granted a hearing on the issues.

After review, the Court finds no merit to any of Petitioner's objections. First, although the Court is certainly sympathetic to Petitioner's circumstances and the physical limitations he faces, the Court does not find that the Magistrate Judge failed to liberally construe his petition. Rather, the Court agrees with Respondent that the Magistrate Judge properly addressed the only two grounds raised by Petitioner, and liberal interpretation of a petition does not permit the Court to raise new grounds that are not squarely presented.

In that vein, with respect to counsel's assertion that Petitioner was not competent to stand trial (and/or that trial counsel was ineffective for failing to raise the issue of competency), this is a new issue that has *never* been presented at any stage of any of Petitioner's prior proceedings, and the Court thus finds that the issue is not properly before it. Therefore, the Magistrate Judge did not err in failing to consider it.

Next, the Court disagrees with Petitioner that the Magistrate Judge misunderstood the standard of review. Instead, the Court finds that the Magistrate Judge set forth the correct standard and applied it appropriately. Thus, the Court overrules this objection.

The Court also overrules Petitioner's objection to the dismissal of this action without

an evidentiary hearing. As the Magistrate Judge properly explained, pursuant to 28 U.S.C. § 2254(e)(2), a district court "shall not hold an evidentiary hearing" "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings" unless:

> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing error that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Here, the Court fully agrees with the Magistrate Judge that Petitioner has not demonstrated that he satisfies any exception to the general rule that the Court shall not hold an evidentiary hearing. *See Shinn v. Ramirez*, 142 S. Ct. 1718 (2021) ("In all but these extraordinary cases, AEDPA 'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners.'") (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)).

Furthermore, the Court overrules Petitioner's list of specific objections related to claims that are not properly before the Court. (ECF No. 62 at 5-6.) Indeed, the Court notes that it would have been entirely improper for the Magistrate Judge to have considered the listed issues that were not squarely presented in the petition, and the Court disagrees with Petitioner that the Magistrate Judge somehow incorrectly viewed his petition in a narrow and technical matter.

Lastly, the Court notes that nowhere in his objections does Petitioner point to any

legal or factual errors in the Magistrate Judge's actual findings as to the two grounds for relief actually raised in the petition. In other words, Petitioner does not specifically object to the Magistrate Judge's finding that ground one was procedurally defaulted, or her finding that Petitioner failed to show cause and prejudice to excuse the procedural default. Likewise, Petitioner does not specifically object to the Magistrate Judge's finding that Petitioner failed to show that the state court's decision as to ground two was contrary to or involved an unreasonable application of federal law, or that it was based on an unreasonable determination of the facts. Ultimately, after review (under both a clear error *and* a de novo standard of review), the Court fully agrees with the Magistrate Judge's findings as to grounds one and two, and the Court specifically incorporates herein the Magistrate Judge's analysis set forth on pages 7 through 13 of her Report.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Petitioner's objections (ECF No. 62) are overruled; the Magistrate Judge's Report (ECF No. 30) is adopted; and Respondent's motion for summary judgment (ECF No. 9) is granted.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 3, 2023
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

>     (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.